UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

ANTHONY ORTIZ,                                    :

                       Plaintiff,                    :

            -against-                        :     12 CV 5372 (JMF)

THE CITY OF NEW YORK;
THE NEW YORK CITY HOUSING AUTHORITY; :
JAMES THEIS, a former detective employed
by the New York City Police Department,
JOHN DOE Nos. 1 through 5 (whose identities are     :
currently unknown but who are known to have been
detectives and supervisors with the New York City
Police Department), and MICHAEL CODELLA (aka :
"Rambo"), a former detective with the New York
City Housing Authority Police Department,
as individuals and in their official capacities,     :

                     Defendants.          :

------------------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

JOEL B. RUDIN, ESQ.
200 West 57th Street, Suite 900
New York, New York 10019
(212) 752-7600 (tel.)
(212) 980-2968 (fax)
E-mail: jbrudin@aol.com

*Attorney for Plaintiff Anthony Ortiz*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

ANTHONY ORTIZ,                                       :

                        Plaintiff,           :

              -against-                  :      12 CV 5372 (JMF)

THE CITY OF NEW YORK;
THE NEW YORK CITY HOUSING AUTHORITY; :
JAMES THEIS, a former detective employed
by the New York City Police Department,
JOHN DOE Nos. 1 through 5 (whose identities are     :
currently unknown but who are known to have been
detectives and supervisors with the New York City
Police Department), and MICHAEL CODELLA (aka :
"Rambo"), a former detective with the New York
City Housing Authority Police Department,
as individuals and in their official capacities,      :

                    Defendants.         :

-----------------------------------------------------------X

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO REMAND

## INTRODUCTION

This Memorandum of Law is respectfully submitted on behalf of the

Plaintiff, Anthony Ortiz, in support of his accompanying notice of motion to

1

remand this case to state court pursuant to 28 U.S.C. § 1446 (c). The facts are set forth in the affirmation of Ortiz's attorney, Joel B. Rudin ["Rudin Affirm."], and are established by that affirmation and its attached exhibits.

Title 28, United States Code, Sections 1441 and 1446 (b) provide a mechanism for a defendant sued in state court to remove the action to federal court. So long as the defendant is being sued for federal constitutional claims, he has 30 days from receiving the initial pleading in the case to file a "notice of removal," which has the effect of transferring the case from state to federal court. If there are multiple defendants, however, the "rule of unanimity" requires that all defendants consent to the removal. When an action is removed without the consent of all defendants, and a Plaintiff challenges the removal on that ground, the case must be remanded to state court. That is the situation here.

This lawsuit stems from Plaintiff's wrongful arrest, false conviction, and 19-year imprisonment for a crime he did not commit. Plaintiff's lawsuit, raising constitutional and supplemental state law claims, was commenced in the Supreme Court, Bronx County, on June 25, 2012. A few days later, Plaintiff served defendant James Theis with the summons and complaint. *See* Corrected Affidavit of Service, attached as Ex. B.

On July 12, 2012, however, the City of New York, with the consent of two other defendants, removed this action to this Court, but without obtaining defendant Theis' consent to do so. The failure to obtain Theis' consent requires that this action be remanded to state court. *See, e.g., Gribler v. Weisblat*, 2008 WL 563469 (S.D.N.Y. Feb. 25, 2008) (Buchwald, D. J.) (granting plaintiff's motion to remand to state court because one defendant had not consented to removal and the "rule of unanimity" requires "that all defendants consent to removal within the statutory thirty-day period[.]"). Moreover, as Theis' time for seeking removal has expired, this error may not be cured.

# ARGUMENT

## THE DEFENDANTS VIOLATED THE RULE OF UNANIMITY BY FAILING TO OBTAIN DEFENDANT THEIS' CONSENT TO REMOVAL, AND THAT VIOLATION MANDATES REMAND TO STATE COURT

Title 28, United States Code, Section 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants." This provision is to be construed strictly in favor of remand, *see Leslie v. BancTec Serv. Corp.*, 928 F.Supp. 341, 347 (S.D.N.Y.1996) (Batts, D. J.), out of "[d]ue regard for the rightful independence of state governments," *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941).

A defendant seeking to remove an action from state to federal court must do within 30 days of being served, *see* 28 U.S.C. § 1446 (b) (2) (B); *Pietrangelo v. Alvas Corp.*, 686 F.3d 62 (2d Cir. 2012). At all times the party seeking removal bears the burden of proving that the jurisdictional and procedural requirements of removal have been met. *Burr v. Toyota Motor Credit Co.*, 478 F.Supp.2d 432, 436 (S.D.N.Y.2006) (Scheindlin, D. J.) (*citing Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir.2000)). This is so "because removal abridges the deference courts generally give to a plaintiff's choice of

4

forum." *Groman v. Cola*, 2007 WL 3340922, at *3 (S.D.N.Y. Nov. 7, 2007) (Patterson, D. J.) (citation omitted).

Although there is no statutory language requiring that all defendants must either join the petition for removal or consent to removal, "[d]istrict courts within this Circuit...have consistently interpreted the statute 'as requiring that all defendants consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.' ... [and all non-moving] defendants must independently express their consent to removal." *Pietrangelo v. Alvas Corp.*, 686 F.3d at 62 (citation omitted); *accord Ell v. S .E.T. Landscape Design, Inc.*, 34 F.Supp.2d 188, 193 (S.D.N.Y.1999) (Conner, D.J.) (collecting cases demonstrating "widespread agreement among the district courts, including those in the Second Circuit," regarding this principle); *Gribler v. Weisblat*, 2008 WL 563469 (S.D.N.Y. Feb. 25, 2008) (Buchwald, D. J.) (same).[1]

All doubts as to the procedural validity of removal will be resolved in favor of remand. *See, e.g., Burr*, 478 F.Supp.2d at 437; *Codapro Corp. v. Wilson*, 997 F.Supp. 322, 325 (E.D.N.Y.1998) (stating that "[t]here is nothing in the

---

[1]"Even where the removing defendant represents to the Court that the other defendants have consented to removal, the rule of unanimity is not satisfied unless the other defendants either sign the notice of removal or subsequently provide the Court with their unambiguous written consent to removal within the thirty-day period." *In re Vil. of Kiryas Joel, N.Y.*, 2012 WL 1059395, *3 (S.D.N.Y. Mar. 29, 2012) (Ramos, D. J.).

removal statute that suggests that a district court has discretion' to overlook or excuse prescribed procedures.") (internal quotation marks and citation omitted).

Where, as here, an action is removed without the consent of all properly served parties, the removal is defective and the action must be remanded to state court upon the Plaintiff's motion. *See, e.g., Gribler v. Weisblat*, 2008 WL 563469 (S.D.N.Y. Feb. 25, 2008) (Buchwald, D. J.) (granting plaintiff's motion to remand to state court because one defendant had not consented to removal, as the "rule of unanimity" requires "that all defendants consent to removal within the statutory thirty-day period[.]"); *Lifschultz v. Lifschultz*, 2012 WL 2359888, *7 (S.D.N.Y. June 20, 2012) (Ramos, D. J.) (granting motion to remand where removing defendants failed to obtain unambiguous consent of a defendant); *Smith v Kinkead*, 2004 WL 728542, *3 (S.D.N.Y. Apr. 5, 2004) (Sweet, D. J.) (granting motion to remand where defendants "failed to satisfy its burden of demonstrating that all the served defendants consented to removal"); *In re Vil. of Kiryas Joel*, N.Y., 2012 WL 1059395, *6 (S.D.N.Y. Mar. 29, 2012) (Ramos, D. J.) (same).

Under these principles, this case must be remanded to state court. Defendant City failed to secure defendant Theis' consent to remove this action, and Theis' time for giving such consent, or filing his own notice of removal,

expired today. *Gribler v. Weisblat*, 2008 WL 563469 (Buchwald, D. J.) (S.D.N.Y. Feb. 25, 2008) (granting remand motion where "any attempt by [the defendant] to consent to removal at the present time would be in vain."); *Payne v. Overhead Door Corp.*, 172 F Supp 2d 475, 476 (S.D.N.Y. 2001) (McMahon, D. J.) (affidavits consenting to removal filed after the 30 day window had expired were insufficient to comply with the removal statute).

## CONCLUSION

Plaintiff's motion should be granted and this case remanded to the Bronx Supreme Court.

Respectfully submitted,

JOEL B. RUDIN, ESQ
200 West 57th Street, Suite 900
New York, New York 10019
(212) 752-7600 (tel.)
(212) 980-2968 (fax)
E-mail: jbrudin@aol.com

*Attorney for Plaintiff Anthony Ortiz*

DATED: New York, New York
      August 13, 2012